IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA


BASSETT SEAMLESS GUTTERING,       )
INC.,                             )
                                  )
                Plaintiff,        )
                                  )
                v.                )        CIVIL NO. 1:05CV00184
                                  )
GUTTERGUARD, LLC; GUTTERGUARD,)
INC. f/k/a GutterGuard of         )
North Carolina, Inc.; DIXIE       )
HOMECRAFTERS, INC.; and           )
K-GUARD, LLC,                     )
                                  )
                Defendants.       )


MEMORANDUM OPINION


BULLOCK, District Judge


        Plaintiff seeks to pursue its claims against all Defendants
in this court on the basis of diversity jurisdiction, contrary to
the terms of a forum-selection clause contained in Plaintiff's
contract with one of the Defendants, K-Guard, LLC ("K-Guard").
Defendant K-Guard seeks to enforce the forum-selection clause
contained in its agreement with Plaintiff by having this entire
case dismissed with leave to re-file in Colorado state court or,
in the alternative, transferred to the federal district court for
the district of Colorado.  There is no contract between Plaintiff
and the three other Defendants; they have made no agreement about
the forum in which disputes between them will be resolved.  Those

Defendants admit that this court has jurisdiction over them and that venue is proper in this court. They consent, however, to K-Guard's motion and to the exercise of personal jurisdiction over them in Colorado as well.

FACTS

Plaintiff Bassett Seamless Guttering, Inc. ("Plaintiff") filed this action against Defendants GutterGuard, LLC, GutterGuard, Inc. (f/k/a GutterGuard of North Carolina, Inc.), and Dixie Homecrafters, Inc. (collectively, "the GutterGuard Defendants") and Defendant K-Guard on March 2, 2005. Plaintiff is a North Carolina corporation, having its principal places of business in Forsyth and Davidson Counties, North Carolina. The GutterGuard Defendants are Delaware and Georgia corporations, registered to do business in North Carolina, having their principal place of business in Georgia. Defendant K-Guard is a Colorado limited liability company, doing business in North Carolina. K-Guard's principal place of business was in Broomfield, Colorado, but has recently moved to Ohio.

K-Guard is the licensor of a trademarked gutter cover system known as the K-Guard Gutter System. On or about December 15,

2

1999, Plaintiff and K-Guard entered into a license agreement[1] which granted Plaintiff the right to manufacture, advertise, sell and install the K-Guard Gutter System in certain counties of North Carolina.[2] Plaintiff alleges that K-Guard promised that those counties would be Plaintiff's exclusive territory, such that K-Guard would not authorize any additional licensees to do business in that territory. The crux of Plaintiff's complaint is that K-Guard and the GutterGuard Defendants worked in concert to infringe upon Plaintiff's exclusive territory by allowing the GutterGuard Defendants to market and sell the K-Guard Gutter System in Plaintiff's exclusive territory.

Defendant K-Guard has not filed an answer to the complaint. Instead, on April 18, 2005, K-Guard filed a motion to dismiss or transfer, based on the forum-selection clause contained in the agreement between Plaintiff and K-Guard, which provides, in pertinent part:

> The parties agree that any proceeding commenced to
> enforce any term of this Agreement, or which arises
> out of or in connection with the performance of
> obligations or exercise of rights provided by this
> Agreement, <u>shall be brought and held in Boulder,
> Colorado.</u> The parties hereby waive any right to
> change or alter venue and hereby assent to the

---

[1] The parties executed renewed and revised agreements dated January 18, 2001 and February 9, 2005. All three agreements contain identical forum-selection and choice of law clauses.

[2] Plaintiff's territory was expanded over the next several years to include additional North Carolina counties and areas of Virginia.

3

exercise of personal jurisdiction of the courts of
Colorado to enforce the terms of this Agreement.

(Compl. Ex. N, p. 5) (emphasis added) (hereinafter "the
forum-selection clause").

Based on the forum-selection clause, which does not
explicitly identify whether the chosen forum is a federal or
state court, K-Guard asks this court to either (1) transfer the
case to the United States District Court for the District of
Colorado, or (2) dismiss the action with leave for Plaintiff to
re-file in the Colorado state court located in Boulder, the
District Court In and For the 20th Judicial District.[3]  Finally,
K-Guard argues that, even if the entire case is not transferred
or dismissed, the court should at least transfer or dismiss the
claims against K-Guard.

Affidavits submitted by K-Guard (which were not contradicted
by Plaintiff) show that while Plaintiff negotiated the licensing
agreements with K-Guard, Plaintiff never sought to alter the
terms of the forum-selection clause.  The clause remained as

---

[3] K-Guard moves to transfer pursuant to 28 U.S.C. § 1404(a)
and moves to dismiss pursuant to Rule 12(b)(3) of the Federal
Rules of Civil Procedure and the doctrine of forum non
conveniens.  K-Guard has not moved pursuant to 28 U.S.C.
§ 1406(a), which applies to dismiss or transfer a case only when
venue is improper in the initial forum under the considerations
set forth in 28 U.S.C. § 1391.  Scotland Mem'l Hosp., Inc. v.
Integrated Informatics, Inc., 2003 WL 151852 (M.D.N.C. 2003);
Mead v. Future Med. Publ'g, Inc., 1999 WL 1939256 (M.D.N.C.
1999).  Presumably, K-Guard agrees that, but for the
forum-selection clause, venue would be proper in this court.

4

proposed by K-Guard, despite Plaintiff's successful changes to
other terms of the agreement, Plaintiff's discovery of the
alleged encroachments into its territory by the GutterGuard
Defendants in 2002, and Plaintiff's representation by counsel as
of 2003. (<u>See</u> Aff. of Pl. Bassett Seamless Guttering, by its
President, Ronald W. Bassett, Sr.; Decl. and Suppl. Decl. of
Patrick Flood.)

   Plaintiff replies that the forum-selection clause does not
control this case for two reasons: (1) Plaintiff's claims
against the GutterGuard Defendants are not controlled by any
forum-selection clause and are proper in this court, and (2) the
forum-selection clause is unenforceable because it is
"unreasonable and unfair." (Pl.'s Mem. in Opp'n to K-Guard's
Mot. to Dismiss or Transfer, hereinafter "Pl.'s Mem.") Plaintiff
argues that the court should "not consider severing the
litigation," and should, for its convenience, allow it to keep
all its claims against all Defendants here. (Pl.'s Mem. p. 6.)

   On April 19, 2005, the GutterGuard Defendants filed an
answer to the complaint in which they admitted marketing, selling
and installing the K-Guard Gutter System in North Carolina, but
denied that Plaintiff has or had exclusive rights to that
territory and denied infringing upon any rights of Plaintiff.
The GutterGuard Defendants admitted that this court has
jurisdiction over them and that venue is proper here. (Answer

¶¶ 16, 18.)  Nevertheless, on May 12, 2005, the GutterGuard
Defendants filed their Reply to Defendant K-Guard LLC's Motion to
Dismiss or Transfer and Consent to Jurisdiction and Venue
("GutterGuard Defendants' Consent") in which they consented to
K-Guard's Motion and consented to jurisdiction and venue in
Colorado with respect to Plaintiff's claims.  There is no
contract between Plaintiff and the GutterGuard Defendants, but
the GutterGuard Defendants do have a contract with K-Guard, which
contains "the same or similar forum-selection clause."
(GutterGuard Defs.' Consent ¶ 3.)

     This matter is now before the court on K-Guard's motion to
dismiss or transfer.  For the reasons set forth below, the court
will grant K-Guard's motion, in part, and will dismiss
Plaintiff's claims against K-Guard without prejudice.  The court
will not dismiss the claims against the GutterGuard Defendants.


                            DISCUSSION


I.   The Forum-Selection Clause Requires a Colorado State Court
     Forum

     At first glance, the forum-selection clause is unclear about
whether litigation must be in a federal or state court.  It
specifies a geographic location – Boulder, Colorado – rather than
a particular court.  In order to give effect to the parties'
agreement, it must be determined which court the parties meant to

                                6

specify when using this language.  The parties have provided no collateral evidence or guidance on this question and ask the court to determine which court the agreement specifies.  The court is obligated to give the words their ordinary meaning and to reconcile all the terms of the agreement, if possible. DeLoach v. Lorillard Tobacco Co., 391 F.3d 551, 557 (4th Cir. 2004); Martin v. Senn Dunn LLC, 2005 WL 2994424, at *4 (M.D.N.C. 2005).

For the following reasons, the court finds that the agreement has only one possible interpretation, which is that the parties chose the state court located in Boulder, Colorado.  The court takes judicial notice that there is no United States District Court for Boulder, Colorado.  The entire state of Colorado is encompassed by one United States District Court, served by one clerk's office, headquartered in Denver.  Although the federal court has a Boulder Division, all lawsuits must be commenced in Denver.

It is significant that the forum-selection clause requires that all proceedings be both "brought and held in Boulder, Colorado."  It is impossible to "bring" a federal claim in Boulder and, once commenced, it is not within a litigant's control as to whether the case is assigned to the Boulder Division.  In contrast, there is a state court situated in Boulder.  A litigant may choose to bring an action there and can

7

expect that it will remain in Boulder. Accordingly, this court finds that the ordinary meaning of the parties' agreement fixes the forum in the state court located in Boulder, which is the District Court In and For the 20th Judicial District. Accord First Am. Disc. Corp. v. Cognitive Sys., Inc., No. 87C9197, 1988 U.S. Dist. LEXIS 502, at *4 (N.D. Ill. 1988) (forum-selection clause specifying "the courts of Illinois sitting in the City of Chicago" meant state court); Spatz v. Nascone, 364 F. Supp. 967, 974 (W.D. Pa. 1973) (analyzing forum-selection clause under general contract principles to determine that it fixed forum in state court, not federal).

II. The Forum-Selection Clause Is Valid and Will Be Enforced

Forum-selection clauses are prima facie valid and enjoy a presumption of enforceability. The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10, 15 (1972); Allen v. Lloyd's of London, 94 F.3d 923, 928 (4th Cir. 1996). The presumption is not absolute, however, and may be overcome if the party seeking to avoid the clause can "clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." The Bremen, 407 U.S. at 15. Accord Mercury Coal & Coke v. Mannesmann Pipe & Steel Corp., 696 F.2d 315 (4th Cir. 1982) (applying The Bremen analysis and upholding

8

forum-selection clause in diversity case not involving international contracts).

When the venue or jurisdictional question before the court is covered by a federal statute or rule, the court must determine the controversy according to federal law. <u>Stewart Org., Inc. v. Ricoh Corp.</u>, 487 U.S. 22, 27 (1988). The question presented here is covered by Rule 12(b)(3) of the Federal Rules of Civil Procedure. Thus, the validity of the forum-selection clause must be determined according to federal law[4] and the burden is on the party seeking to avoid enforcement to make "a strong showing that [the clause] should be set aside." <u>The Bremen</u>, 407 U.S. at 15. <u>See also</u> <u>Allen</u>, 94 F.3d at 928; <u>Cable-La, Inc. v. Williams Commc'ns, Inc.</u>, 104 F. Supp. 2d 569, 574 (M.D.N.C. 1999).

---

[4] Although the majority of courts apply federal law to determine the validity of forum-selection clauses, two Fourth Circuit opinions suggest that the law of the forum state may control. <u>See</u> <u>Bryant Elec. Co., Inc. v. City of Fredericksburg</u>, 762 F.2d 1192, 1196 (4th Cir. 1985) (noting without disagreeing that district court applied state law (which followed federal law) to determine the validity of the forum-selection clause at issue); <u>Nutter v. Rents, Inc.</u>, 945 F.2d 398 (Table), 1991 WL 193490, 1991 U.S. App. LEXIS 22952 (4th Cir. 1991) (unpublished opinion affirming application of state law to determine validity of forum-selection clause). The parties have not addressed this apparent disagreement among the circuits. They simply state that federal law applies. (Pl.'s Mem. at 16; K-Guard's Br. at 2.) In light of the parties' agreement, the fact that the unpublished <u>Nutter</u> opinion is not binding, and the fact that the <u>Stewart</u> opinion is more recent than the <u>Bryant</u> opinion and directly on point, while <u>Bryant</u> offers only a cursory treatment of the issue, the court will follow the approach adopted by the majority of the circuits and apply federal law. <u>Accord</u> <u>Brock v. Entre Computer Ctrs., Inc.</u>, 933 F.2d 1253, 1258 (4th Cir. 1991) (concluding that federal law is supreme over state law in transfer analysis).

It is established in the Fourth Circuit that the presumption of enforceability that applies to choice of forum (and choice of law) provisions will not be overcome by mere inconvenience, added expense, or regret. In order to avoid enforcement of a forum-selection clause, a plaintiff must show one of the following four factors:

(1) the formation was induced by fraud or overreaching;

(2) the complaining party "will for all practical purposes be deprived of his day in court" because of "the grave inconvenience or unfairness of the selected forum";

(3) the "fundamental unfairness of the chosen law may deprive plaintiff of a remedy"; or

(4) "enforcement would contravene a strong public policy of the forum state."

Allen, 94 F.3d at 928 (citing The Bremen, 407 U.S. at 12-13, and Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 595 (1991)). Using this framework, courts must scrutinize forum-selection clauses for "fundamental fairness." Carnival Cruise, 499 U.S. at 595.[5]

_____

[5] Plaintiff suggests that the entire analysis applied by the Supreme Court in Stewart is relevant here, including a balancing of the various factors relevant to motions to transfer venue pursuant to 28 U.S.C. § 1404(a) (including whether the proposed transferee court is one in which the action originally might have been brought). See Stewart, 487 U.S. at 31 ("Congress has directed that multiple considerations govern transfer within the federal court system . . . ."), and Curtis B. Pearson Music Co. v. McFadyen Music, Inc., No. 1:04CV378, 2005 U.S. Dist. LEXIS

Plaintiff argues that all four factors exist in this case. The court is not persuaded. On the contrary, for the reasons set forth below, "fundamental fairness" is served by holding Plaintiff and Defendant K-Guard to the bargain they made.

A. <u>No Fraud or Overreaching</u>

Taking each of the four <u>Allen</u> factors in turn, the court will first address whether the forum-selection clause was the product of "fraud or overreaching." To show that the forum-selection clause is unreasonable based on fraud, Plaintiff would need to show that inclusion of the forum-selection clause <u>itself</u> was the product of fraud or coercion. <u>Scherk v. Alberto-Culver Co.</u>, 417 U.S. 506, 519 n.14 (1974); <u>Allen</u>, 94 F.3d at 928. Plaintiff simply has not done so. Rather, Plaintiff attempts to argue that the entire original agreement and the subsequent amended agreements were all induced by fraud. The

_____

11196 (M.D.N.C. 2005). <u>See also</u> Pl.'s Mem. pp. 4-7 & Pl.'s Sugg. of Subseq. Decided Auth. However, the factors relevant to a § 1404(a) transfer are inapplicable in this case because this forum-selection clause requires litigation in a state court, which cannot be achieved by operation of § 1404(a). Thus, the analysis of the <u>The Bremen</u> decision, not the <u>Stewart</u> decision, is applicable, as it too involved a motion to dismiss in order to enforce a forum-selection clause that specified a court to which the district court could not transfer the case. <u>Accord</u> <u>Jones v. Weibrecht</u>, 901 F.2d 17, 19 (2d Cir. 1990); 17 James Wm. Moore, <u>et al.</u>, Moore's Federal Practice § 111.04[3][a] & [b] (3d ed. 2003) (when forum-selection clause makes state or foreign court the exclusive forum, there is no federal court to which transfer may be ordered, so "section 1404(a) and the flexible <u>Stewart</u> factors do not apply" and <u>The Bremen</u> standards do apply).

Supreme Court and the Fourth Circuit have specifically rejected this argument.  So must this court.

The forum-selection clause also was not the product of overreaching by K-Guard.  It cannot be said that Plaintiff lacked a meaningful choice as to whether to enter into the original agreement with K-Guard, or the two amended agreements that followed.  Plaintiff is run by experienced businessmen who earn over $1 million in net profits per year.  (Suppl. Decl. of P. Flood ¶ 2.)  K-Guard may be a bigger company and Plaintiff may have been too eager to land a contract with K-Guard, but "disparities in bargaining position are legally insufficient to invalidate an otherwise reasonable forum selection clause." AC Controls Co., Inc. v. Pomeroy Computer Res., Inc., 284 F. Supp. 2d 357, 361 n.4 (W.D.N.C. 2003) (citing Carnival Cruise, 499 U.S. at 593-94).  Plaintiff negotiated favorable changes to other provisions of the agreement, but did not contest the forum-selection or choice of law clauses, even after it discovered encroachments into its territory by the GutterGuard Defendants.  (Suppl. Decl. of P. Flood ¶ 3.)  This fact undermines Plaintiff's claim of overreaching by K-Guard.  The Bremen, 407 U.S. at nn.14 & 16; AC Controls, 284 F. Supp. 2d at 361.

Moreover, even though Plaintiff was not represented by counsel at the time the first agreement was formed, Plaintiff was

represented as of 2003, when it negotiated and executed the third
agreement, yet still did not seek revisions to the
forum-selection clause. (Supp. Decl. of P. Flood ¶ 3; Bassett
Aff. ¶ 14.) There is no evidence that Plaintiff even considered
making a change to the forum-selection clause. An inability or
failure to negotiate concerning the disputed clause does not
establish "overreaching" by the drafter. Carnival Cruise, 499
U.S. at 593-94 (holding forum-selection clause included in
adhesion contract valid); AC Controls, 284 F. Supp. 2d at 361.

Finally, K-Guard's choice of Colorado as an exclusive forum
was not overreaching. There is no evidence that K-Guard
specified Colorado courts in an effort to forestall Plaintiff's
right to enforce the contract or pursue legitimate claims.
Carnival Cruise, 499 U.S. at 593-94. Colorado is K-Guard's state
of incorporation and was its principal place of business until a
recent relocation to Ohio. Many of K-Guard's employees,
including its general manager, and at least one owner are
Colorado residents. (Decl. of P. Flood ¶ 9.) Because K-Guard
does business in many states, it is reasonable for the company to
want to limit the potential fora in which it might have to answer
suit. Carnival Cruise, 499 U.S. at 595; Cable-La, Inc. v.
Williams Commc'ns, Inc., 104 F. Supp. 2d 569, 578 (M.D.N.C.
1999). All of these factors support the conclusion that the
forum-selection clause is reasonable.

13

B. <u>Plaintiff is Not Deprived of Its Day in Court</u>

The second <u>Allen</u> factor is whether Plaintiff "will for all practical purposes be deprived of its day in court" because of "the grave inconvenience or unfairness of the selected forum." "[A] party seeking to avoid a forum selection clause must prove more than the inconvenience of litigating in a distant forum." <u>Price v. Leasecomm Corp.</u>, 53 UCC Rep. Serv. 2d 61, 2004 WL 727028, at *4 (M.D.N.C. 2004). A successful challenge requires a party to show that "the specified forum is so seriously inconvenient, that he would be deprived of an opportunity to participate in the adjudication." <u>Mercury Coal & Coke, Inc. v. Mannesmann Pipe & Steel Corp.</u>, 696 F.2d 315, 317 (4th Cir. 1982) (internal quotations omitted).

The forum-selection clause at issue here does not make it impossible for Plaintiff to sue K-Guard. It merely requires Plaintiff to do so in Colorado. Colorado may be more inconvenient for Plaintiff, and Plaintiff may regret its assent to the clause, but Plaintiff has not met its burden to show that the prospect of litigation in Colorado state court presents the sort of grave hardship or deprivation of an opportunity to participate that invalidates a presumptively valid forum-selection clause. Plaintiff makes no showing that its key witnesses are unable to travel, that it is financially unable to pursue litigation in Colorado, or that it will otherwise suffer

14

grave hardship if held to the terms of the forum-selection clause. <u>See</u> <u>Carnival Cruise</u>, 499 U.S. at 594 (conclusory findings that parties were "physically and financially incapable of pursuing this litigation" in the specified forum were insufficient to show level of inconvenience necessary to invalidate forum-selection clause); <u>Bryant Elec. Co., Inc. v. City of Fredericksburg</u>, 762 F.2d 1192, 1196-97 (4th Cir. 1985) (affirming enforcement of forum-selection clause despite plaintiff's allegations of unequal bargaining power, a nonnegotiable contract, and bias of the selected forum and jury pool); <u>Mercury Coal</u>, 696 F.2d at 317-18 (inconvenience faced by witnesses having to travel from West Virginia to New York was not sufficiently grave to invalidate forum-selection clause); <u>Price</u>, 2004 WL 727028, at *5 (finding no denial of day in court and enforcing contract that fixed Massachusetts as forum of choice, even though plaintiff was unemployed, had financial limitations, and had health problems that made travel difficult).

Moreover, while Colorado may be inconvenient for Plaintiff, it is not inconvenient for K-Guard[6] and the Colorado courts are not congested. (Decl. of Christopher W. Ford.) In a diversity case, one side will always be more inconvenienced than the other

---

[6] Colorado is where K-Guard is incorporated, where K-Guard was headquartered (until its recent move to Ohio), and is the home of at least one owner and many of K-Guard's employees and potential witnesses. (Decl. and Suppl. Decl. of P. Flood.)

15

by having to bring themselves and their witnesses from another state. Brock v. Entre Computer Ctrs., Inc., 933 F.2d 1253, 1258 (4th Cir. 1991).

For all of these reasons, Plaintiff has not met its burden and the forum-selection clause will not be set aside based on the second Allen factor.[7]

C. The Chosen Law is Not Fundamentally Unfair

The third Allen factor, the "fundamental unfairness of the chosen law may deprive plaintiff of a remedy," concerns the choice of law provision (rather than the forum-selection clause), which neither party directly disputes. Plaintiff's contract with K-Guard provides "[t]his agreement is entered into in Colorado and its interpretation and construction and remedies for its enforcement or breach are to be applied in accordance with the law of Colorado." (Compl. Ex. N, ¶ 18.) While Plaintiff's

_____

[7] Some courts use an eleven-part analysis to determine whether this factor has been established and whether to transfer venue pursuant to § 1404(a). See, e.g., Rice v. BellSouth Adver. & Publ'g Corp., 240 F. Supp. 2d 526, 529 (W.D.N.C. 2002); Plant Genetic Sys., N.V. v. Ciba Seeds, 933 F. Supp. 519, 527 (M.D.N.C. 1996). This court is not convinced that such a lengthy analysis is always necessary or relevant, particularly when § 1404(a) transfer is not an option. See, e.g., AC Controls, 284 F. Supp. 2d at 362-63 (stating the eleven factors are necessary when considering a motion to transfer under § 1404); Scotland Mem. Hosp., Inc. v. Integrated Informatics, Inc., 2003 WL 151852 (M.D.N.C. 2003) (determining forum-selection clause was enforceable under Allen test, without applying the eleven factors listed in Rice). Moreover, several of the eleven factors (such as plaintiff's choice of forum) are redundant or ill-suited to the present analysis.

contract claims are therefore controlled by Colorado law, it is
unclear whether Plaintiff's remaining claims against K-Guard (for
declaratory judgment, in tort, and pursuant to the statutes of
both North Carolina and Colorado[8]) are covered by the choice of
law provision. (Pl.'s Mem. p. 15; K-Guard's Br. p. 9.)

Despite this uncertainty,[9] it is clear that Colorado law
will apply to at least some of Plaintiff's claims. This factor
favors enforcement of the forum-selection clause, since Colorado
courts have expertise in the law to be applied. Bryant Elec.,
762 F.2d at 1197.

Moreover, Colorado law does provide remedies that are
similar to those Plaintiff seeks against K-Guard in this action,
such as declaratory judgment, breach of contact remedies,
remedies under the uniform commercial code, and civil
conspiracy.[10] The remedies afforded by the laws of the chosen

---

[8] See Compl. ¶¶ 183-228.

[9] It is not for this court to determine which state's law
applies to each of Plaintiff's claims, or whether those claims
are viable, but only to decide whether the law of Colorado is
fundamentally unfair, such that the choice of law provision is
unenforceable.

[10] Plaintiff argues that enforcement of the forum-selection
clause is fundamentally unfair because it will deny it its right
to sue under North Carolina's Unfair and Deceptive Trade
Practices Act, N.C. Gen. Stat. § 75-1.1 et seq., and that it
lacks standing to bring a similar claim under Colorado's Consumer
Protection Act, Colo. Rev. Stat. § 6-1-101 et seq. (Pl.'s Mem.
p. 16.) This argument is unpersuasive for several reasons.
First, a choice of law provision is not fundamentally unfair
simply because it denies a treble damages remedy otherwise

forum need not be identical to those in North Carolina in order for the choice of law and choice of forum clauses to be fundamentally fair. Plaintiff's argument that its remedies are "more fulsome" under North Carolina law misstates the standard. This court is satisfied that the law of Colorado provides adequate remedies to Plaintiff and that Plaintiff has not shown the choice of law provision to be "fundamentally unfair."

>    D.    <u>The Forum-Selection Clause Does Not Contravene Public Policy</u>

The fourth and final <u>Allen</u> factor is whether "enforcement would contravene a strong public policy of the forum state." In North Carolina, any agreement entered into in the state which purports to fix the forum for the parties' future litigation or arbitration in a location outside of North Carolina is unenforceable. N.C. Gen. Stat. § 22B-3. The contract at issue here, however, states that it was entered into in Colorado, making the statute inapplicable. (Compl. Ex. N, ¶ 18.) <u>AC Controls Co., Inc. v. Pomeroy Computer Res., Inc.</u>, 284 F. Supp. 2d 357, 362 (W.D.N.C. 2003) (§ 22B-3 did not invalidate forum-selection clause fixing forum in California when agreement

---

available in a party's home state. Second, K-Guard may be correct in its argument that Plaintiff would have standing under the Colorado statute, per Colo. Rev. Stat. §§ 6-1-102(6) & -113(c). (K-Guard's Reply Br. pp. 9-10.) Third, the choice of law provision is arguably applicable to contract-based claims only. Finally, this court has not reached the merits of Plaintiff's claim under N.C. Gen. Stat. § 75-1.1 <u>et</u> <u>seq.</u>, so it is unclear whether that claim is viable even in this forum.

was not entered into in North Carolina); <u>Price</u>, 2004 WL 727028, at *5 (where contract containing forum-selection clause was made in Massachusetts, § 22B-3 did not apply); <u>Key Motorsports Inc. v. Speedvision Network, LLC</u>, 40 F. Supp. 2d 344, 349 (M.D.N.C. 1999) (§ 22B-3 inapplicable when contract not entered into in North Carolina).

Moreover, the potentially persuasive value of § 22B-3, as an expression of North Carolina's policy concerning forum-selection clauses, is just one factor in this court's analysis, which is governed by federal law, not state law. <u>James C. Greene Co. v. Great Am. E & S Ins. Co.</u>, 321 F. Supp. 2d 717, 721 (E.D.N.C. 2004) ("The [<u>Stewart</u>] Court admonished that the fact that a forum selection clause violated the public policy of the forum is just a factor in a multi-factor analy[sis], but not a dispositive one.") (quoting <u>Stewart</u>, 487 U.S. at 32); <u>Cable-La, Inc. v. Williams Commc'ns, Inc.</u>, 104 F. Supp. 2d 569, 576 (M.D.N.C. 1999). Thus, even if it were applicable, the state statute would not trump the other factors discussed <u>supra</u>, all of which favor enforcement of the forum-selection clause.

While the court recognizes that much of what Plaintiff alleges in the complaint occurred in North Carolina, K-Guard is a Colorado company and that state has an interest in the outcome of this litigation too. <u>Republic Mortgage Ins. Co. v. Brightware, Inc.</u>, 35 F. Supp. 2d 482, 486 (M.D.N.C. 1999); <u>AC Controls</u>, 284

19

F. Supp. 2d at 362.  In addition, Plaintiff knew of the encroachments into its territory and was represented by counsel when it entered into its most recent agreement with K-Guard. Less than a month thereafter, Plaintiff filed this action in which it seeks to avoid certain terms of the agreement (the forum-selection clause), while enforcing others (exclusive territory provisions).  The law of North Carolina discourages such an inequitable and inconsistent approach.  <u>See</u> <u>Pake v. Fry</u>, 621 S.E.2d 341 (Table), 2005 WL 3046532, at *3 (N.C. App. 2005). <u>Accord</u> <u>Int'l Paper Co. v. Schwabedissen Maschinen & Anlagen GMBH</u>, 206 F.3d 411, 416-17 (4th Cir. 2000).  Thus, to the extent the public policy of North Carolina discourages enforcement of certain forum-selection clauses, that factor is outweighed by Colorado's interest in the litigation and by North Carolina's equally-compelling policy favoring the enforcement of freely-negotiated contracts.

For the foregoing reasons, the court finds that Plaintiff has failed to meet its burden and cannot overcome the presumption of enforceability afforded to forum-selection clauses under federal law.  As the Supreme Court did in <u>The Bremen</u>, this court finds "no basis for concluding that it would be unfair, unjust, or unreasonable to hold [Plaintiff] to [its] bargain."  407 U.S. at 18.  The forum-selection clause is valid and will be enforced.

III. <u>Enforcement of the Forum-Selection Clause Requires Dismissal of the Claims Against K-Guard, But Not the GutterGuard Defendants</u>

As established <u>supra</u>, the contract between Plaintiff and K-Guard contains a valid forum-selection clause, which requires the claims between them to be brought and held in the state court located in Boulder, Colorado. A federal court cannot transfer a case to a state court, so 28 U.S.C. § 1404 is inapplicable here. The only option is dismissal pursuant to Rule 12(b)(3), without prejudice to Plaintiff's right to re-file in the appropriate state court. <u>Allen</u>, 94 F.3d 923 (4th Cir. 1996) (dismissing case where forum-selection clause specified foreign forum); <u>Jones v. Weibrecht</u>, 901 F.2d 17, 19 (2d Cir. 1990) (dismissal or remand, not transfer under § 1404(a), was appropriate where contract specified state court); <u>Bryant Elec. Co., Inc. v. City of Fredericksburg</u>, 762 F.2d 1192, 1196-97 (4th Cir. 1985) (affirming dismissal in order to enforce forum-selection clause that specified circuit court in Fredericksburg, Virginia); <u>Carematrix of Mass., Inc. v. Kaplan</u>, 385 F. Supp. 2d 195, 199-200 (S.D.N.Y. 2005); <u>Mead v. Future Med. Publ'g, Inc.</u>, 1999 WL 1939256, n.4 (M.D.N.C. 1999). Accordingly, the court will dismiss Plaintiff's claims against K-Guard without prejudice.

The remaining question is, what becomes of the separate and substantial claims Plaintiff asserts against the GutterGuard Defendants? The general rule is that an agreement fixing the

21

forum of future disputes is a matter of contract and a party
cannot be required to submit to a foreign court any dispute which
it has not agreed to submit. <u>First Options of Chicago, Inc. v.</u>
<u>Kaplan</u>, 514 U.S. 938, 943 (1995); <u>United Steelworkers of Am. v.</u>
<u>Warrior & Gulf Navig. Co.</u>, 363 U.S. 574, 582 (1960).[11]
Exceptions to this general principle are made only in "certain
limited circumstances." <u>James C. Greene Co.</u>, 321 F. Supp. 2d at
719 (citing <u>Int'l Paper</u>, 206 F.3d at 416-17). <u>Accord</u> <u>Union Steel</u>
<u>Am. Co. v. M/V Sanko Spruce</u>, 14 F. Supp. 2d 682, 693 (D.N.J.
1998) ("Where two parties contract to litigate any dispute
arising under their contract in a specified forum, this Court
presumes that they are speaking only of disputes with each other
in the absence of language about disputes with third parties.")
In this case, Plaintiff and the GutterGuard Defendants have made
no agreement concerning disputes between them, so the general
rule applies.

This is not a case where the plaintiff is seeking to bind
many defendants to the terms of a forum-selection clause it made
with only one defendant. <u>Compare</u> <u>J.J. Ryan & Sons, Inc. v. Rhone</u>

---

[11] The <u>First Options</u> and <u>United Steelworkers</u> opinions
concern arbitration agreements, which are considered to be types
of forum-selection clauses. Cases construing both types of
agreements are applicable here. <u>Scherk v. Alberto-Culver Co.</u>,
417 U.S. 506, 519 (1974) ("An agreement to arbitrate before a
specified tribunal is, in effect, a specialized kind of
forum-selection clause that posits not only the situs of suit but
also the procedure to be used in resolving the dispute.");
<u>James C. Greene</u>, 321 F. Supp. 2d at 721, n.1.

22

<u>Poulenc Textile, S.A.</u>, 863 F.2d 315, 320 (4th Cir. 1988)
(allowing plaintiff to enforce arbitration agreement against
non-signatory parent company and its subsidiary when its
subsidiary was signatory).  Here, Plaintiff wants to invalidate
the forum-selection clause, not expand it.

    This is also not a situation where a non-signatory to the
contract is demanding a right to enforce it.  <u>Compare</u> <u>Brantley v.</u>
<u>Republic Mortgage Ins. Co.</u>, 424 F.3d 392 (4th Cir. 2005)
(allowing non-signatory to compel arbitration under equitable
estoppel theory); <u>Int'l Paper</u>, 206 F.3d at 417-18; <u>James C.</u>
<u>Greene Co.</u>, 321 F. Supp. 2d at 720-21.  The GutterGuard
Defendants admit that venue is proper here and that this court
may properly exercise jurisdiction over them.[12]  (Answer ¶¶ 16,
18.)  The court agrees that, as to the claims against the
GutterGuard Defendants, venue and jurisdiction are proper here.
In the absence of a contrary agreement, Plaintiff's choice of
forum is entitled to deference, particularly since Plaintiff has
chosen its home state.  <u>Koster v. (Am.) Lumbermens Mut. Cas. Co.</u>,
330 U.S. 518, 524 (1947); <u>Cable-La</u>, 104 F. Supp. 2d at 580.  <u>See</u>
<u>also</u> <u>Vulcan Chem. Techs., Inc. v. Barker</u>, 297 F.3d 332, 340 (4th
Cir. 2002) ("as a general rule, federal courts are bound by a

--------

[12] The GutterGuard Defendants have merely "consented" to
K-Guard's motion to transfer or dismiss; they have neither
brought their own motion to dismiss nor submitted a brief setting
forth reasons why claims against them should be controlled by the
forum-selection clause in Plaintiff's contract with K-Guard.

'virtually unflagging obligation . . . to exercise the
jurisdiction given them'") (quoting <u>Colorado River Water
Conservation Dist. v. United States</u>, 424 U.S. 800, 817 (1976)).
Thus, the court will not dismiss Plaintiff's claims against the
GutterGuard Defendants.

Plaintiff's decision to sue the GutterGuard Defendants and
K-Guard in the same action does not eviscerate the contractual
rights of K-Guard to have claims against it brought and held in
Colorado.  On the other hand, Plaintiff's joinder of defendants
and claims also does not broaden the forum-selection clause,
forcing Plaintiff to sue non-parties in Colorado.  Severance is
the only method by which this court can honor the forum-selection
clause without expanding its terms.  The possibility of
litigation in more than one forum, while not ideal, is not
prohibitive and, given the parties' freedom to contractually bind
themselves, cannot be avoided here.  <u>Cable-La</u>, 104 F. Supp. 2d at
579 (citing <u>Chrysler Credit Corp. v. Country Chrysler, Inc.</u>, 928
F.2d 1509, 1518-19 (10th Cir. 1991)); <u>AC Controls</u>, 284 F. Supp.
2d at 365 (severing one defendant and transferring venue on those
claims).  <u>See also</u> <u>Far Eastern Antique Arts v. M/V Cho Yang
Success</u>, 2002 WL 1313308, at *3 (S.D.N.Y. 2002); <u>Allianz Ins. Co.
of Canada v. Cho Yang Shipping Co., Ltd.</u>, 131 F. Supp. 2d 787,
795 (E.D. Va. 2000) ("litigation in multiple fora does not excuse
enforcement of a forum selection clause"); <u>Jewel Seafoods Ltd. v.</u>

24

<u>M/V Peace River</u>, 39 F. Supp. 2d 628, 630 n.2 (D.S.C. 1999)
(dismissing claims against only those defendants that had
forum-selection agreement with plaintiff because to do otherwise
"would allow [Plaintiff] to escape enforcement of forum selection
clauses simply by adding defendants and claims") (internal
quotations omitted); <u>Union Steel</u>, 14 F. Supp. 2d at 693, 696
(severing and dismissing claims against only the defendant that
was a party to the forum-selection clause "despite specter of
multi-fora litigation").

CONCLUSION

In the words of the Supreme Court, "a freely negotiated
private [forum-selection clause], unaffected by fraud, undue
influence, or overweening bargaining power . . . should be given
full effect." <u>The Bremen</u>, 407 U.S. at 12-13. For the reasons
set forth above, the court will grant Defendant K-Guard's motion
to dismiss the claims against it, without prejudice to
Plaintiff's right to re-file in the appropriate court. The court
will sever the remaining claims pursuant to Rule 21 and retain
jurisdiction over them, so that this action may proceed as
between Plaintiff and the GutterGuard Defendants.

An order in accordance with this memorandum opinion shall be entered contemporaneously herewith.

United States District Judge

January 20, 2006

Case 1:05-cv-00184-WLO-PTS   Document 23   Filed 01/20/06   Page 26 of 26