IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

|  |  |  |
|---|---|---|
| BASSETT SEAMLESS GUTTERING, INC., a North Carolina corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 1:05CV00184 |
| GUTTERGUARD, LLC, a Delaware corporation, GUTTERGUARD, INC., a Georgia corporation, f/k/a GutterGuard of North Carolina, Inc., DIXIE HOMECRAFTERS, INC., a Georgia corporation, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

<u>MEMORANDUM OPINION AND ORDER</u>


OSTEEN, District Judge


Plaintiff Bassett Seamless Guttering, Inc. is a North

Carolina corporation primarily engaged in the business of selling

and installing gutter replacement systems.  GutterGuard, Inc.,

GutterGuard, LLC, and Dixie HomeCrafters, Inc. (collectively,

"Defendants") are Georgia and North Carolina corporations that

also sell gutter replacement systems in North Carolina.  All

parties are licensed to sell components manufactured by K-Guard,

LLC ("K-Guard").  Plaintiff filed suit against Defendants

claiming, inter alia, that Defendants interfered with Plaintiff's

contract with K-Guard causing Plaintiff to lose its exclusive

rights to market and sell K-Guard gutter systems in certain areas.  As this matter drew near the eve of trial, Massachusetts Bay Insurance Company ("Massachusetts Bay"), Hanover Insurance Company ("Hanover"), Northern Insurance Company of New York ("Northern"), and Auto-Owners Insurance Company ("Auto-Owners") (collectively, "Intervenors") all sought leave of this court to intervene in the litigation for the limited purpose of submitting issues to the jury for a determination of their obligations to defend and/or indemnify Defendants.  Now before this court are Intervenors' motions to intervene.

I.    STATEMENT OF FACTS AND PROCEDURAL HISTORY

Plaintiff filed this action against Defendants in March 2005, claiming that Defendants unlawfully interfered with Plaintiff's rights as a licensee to sell and install K-Guard's leaf-free gutter system in an exclusive territory.  The parties filed a Joint Rule 26(f) Report in February 2006 that set out various time lines, ultimately stating that all discovery was to be completed by December 2006.  At the conclusion of discovery, the court set an initial trial date during the first week in April 2007.  Motions for summary judgment were subsequently filed and the court extended the date of trial until July 2007.

On May 10, 2007, Massachusetts Bay, Hanover, and Northern filed a motion to intervene in the case for the limited purpose of providing the court with proposed special interrogatories or a

special jury verdict form to be submitted to the jury in order to enter findings on liability and damages.  On June 20, 2007, Auto-Owners also filed a motion to intervene for the same purpose as the other insurance companies.  Intervenors at one point or another provided insurance coverage to Defendants that would include and exclude certain types of liabilities.  Once this current action against Defendants began, Defendants sought defense and indemnity from the insurance companies believing that their insurance policies provided coverage for the matter.  Intervenors claim, however, that the issues in this suit are not of the type covered by Defendants' policies because the injuries alleged by Bassett do not qualify as an "advertising injury" or "personal injury" as those injuries are defined in the policies.  Accordingly, Intervenors seek declaratory relief as to their obligations under the policies.  Both Plaintiff and Defendants oppose Intervenors' motions.

## II.  ANALYSIS

Intervenors seek permissive intervention pursuant to Rule 24(b) of the Federal Rules of Civil Procedure.  Under Rule 24(b), a party may intervene "[u]pon timely application . . . (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common."  Fed. R. Civ. P. 24(b).  Permissive intervention, as the term implies, is

3

not automatic, but rather left to the sound discretion of the court.  See id.; Virginia v. Westinghouse Elec. Corp., 542 F.2d 214, 216 (4th Cir. 1976).  When determining whether intervention is appropriate, "the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."  Fed. R. Civ. P. 24(b).

Plaintiff and Defendants argue that the motions to intervene are untimely.  In analyzing whether a motion to intervene is timely, courts look to a number of different factors including, inter alia: (1) how far the suit has progressed, (2) whether intervention will unfairly disrupt the resolution of the case, (3) the prejudice to the parties involved that could result from intervention, and (4) the reason for delay in filing for intervention.  Wright v. Krispy Kreme Doughnuts, Inc., 231 F.R.D. 475, 478 (M.D.N.C. 2005) (collecting cases); see also Gould v. Alleco, Inc., 883 F.2d 281, 286 (4th Cir. 1989).  In this case, three of the insurance companies filed a motion two years after the suit was filed and only two months before trial.  The fourth company filed a motion to intervene less than a month before trial was set to begin.  Additionally, both motions came well after the close of discovery.  These factors alone can lead to the conclusion that Intervenors' motions were not timely filed. See Donovan v. United Steelworkers of America, 721 F.2d 126 (3d Cir. 1983) (motion to intervene denied as untimely when made 13

4

months after suit began and after completion of all the pre-trial work); <u>Stupak-Thrall v. Glickman</u>, 226 F.3d 467 (6th Cir. 2000) (intervention denied when motion made after close of discovery and just weeks before the deadline for filing dispositive motions); <u>Caterino v. Barry</u>, 922 F.2d 37, 39 (1st Cir. 1990) (intervention denied when motion made after end of discovery period and only two months before trial).  Moreover, Intervenors have no excuse for their tardiness because they were well aware of this proceeding a long time ago.

The Intervenors' unreasonable delay in filing motions to intervene will also unfairly prejudice the parties to this suit because it will delay the trial and confuse the jury with unrelated issues.  In order for Defendants to adequately defend against Intervenors' claims that insurance coverage would not extend to this type of lawsuit, Defendants would necessarily have to engage in further discovery.  The discovery would not be limited to requesting a few documents, but would also include the taking of depositions.  When considering that trial was only two months away when one motion was filed and less than a month away when the second motion was filed, there would be no possible way of completing the additional discovery before the eve of trial.  This would unnecessarily derail the lawsuit just as it was within sight of the terminal.  <u>Scardelletti v. Debarr</u>, 265 F.3d 195, 202 (4th Cir. 2001) (citing <u>United States v. South Bend Community</u>

5

School Corp., 710 F.2d 394, 396 (7th Cir. 1983)).  Accordingly, the court will deny Intervenors' motions.

**III. CONCLUSION**

For the reasons stated above,

IT IS ORDERED that Massachusetts Bay Insurance Company, Hanover Insurance Company, and Northern Insurance Company of New York's Motion to Intervene [70] is DENIED.

IT IS FURTHER ORDERED that Auto-Owners Insurance Company's Motion to Intervene [90] is DENIED.

This the 13th day of July 2007.

_____
United States District Judge

6